## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02191-REB-NYW

ACHELEKE FUANYA,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

---

## ~~PROPOSED~~ SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL

The parties held their Rule 26(f) conference on May 5, 2022. The following individuals participated in the conference:

Counsel for Plaintiff:

    Jeremy J. Jong
    Al Otro Lado
    3511 Banks Street
    New Orleans, LA 70119
    504-475-6728
    Email: jeremy@alotrolado.org

Counsel for Defendant:

    Lauren M. Dickey
    United States Attorney's Office
    1801 California Street, Suite 1600
    Denver, CO 80202
    303-454-0188
    Email: Lauren.Dickey2@usdoj.gov

1

## 2.  STATEMENT OF JURISDICTION

Plaintiff brings this tort action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b) and 28 U.S.C. § 2671.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.  **Plaintiff:**

This is a damages action under the Federal Tort Claims Act for injuries Plaintiff Acheleke Fuanya suffered at the hands of Immigration and Customs Enforcement ("ICE") officials while in their custody at the Winn Correctional Center ("WCC") in Winnfield, Louisiana on January 14, 2021. On that date, five ICE officers tripped Mr. Funaya to the ground, kneeled on his neck, and then forcibly fingerprinted him. None of them were wearing masks during the attack. As a result, Mr. Fuanya contracted COVID-19 and currently suffers from Post-Traumatic Stress Disorder ("PTSD") and persistent back and waist pain. The United States is therefore liable to Mr. Fuanya for the torts of battery, intentional infliction of emotional distress, and negligence under Louisiana law.

b.  **Defendant:** The United States denies that any ICE employee committed a tort against Plaintiff, including the torts of assault, battery, intentional infliction of emotional distress, or negligence. On January 14, 2021, an ICE officer requested that Plaintiff permit staff to take his fingerprints, as Plaintiff was required to be fingerprinted in order to comply with ICE removal policies and procedures. When Plaintiff refused to allow his fingerprints to be taken, the ICE officer advised Plaintiff (among other things) that staff may be required to use some force if Plaintiff continued to refuse officers' request for fingerprinting. Plaintiff continued to refuse to be fingerprinted. Accordingly,

ICE officers used a reasonable amount of force to obtain Plaintiff's fingerprint. Although the United States has not yet conducted discovery in this case, it believes that a number of defenses may apply, those set forth in the United States' Answer to Plaintiff's Complaint, ECF No. 31. These defenses include, among others, that:

- The United States, through its agents, servants, and employees acted reasonably, and with due care and diligence, at all times and violated no duty that was owed to Plaintiff.
- To the extent that government employees caused injury to Plaintiff, it was the result of their justified use of force and defense of themselves, other individuals, or federal property.
- To the extent that ICE employees caused injury to Plaintiff, such actions are protected by privileges applicable to correctional officers under Louisiana law.
- The federal employees at issue exercised a discretionary function in their interactions with Plaintiff.
- To the extent any of the individuals involved were independent contractors, or employees of independent contractors, the United States is not liable under the FTCA.
- The conduct of the federal employees at issue falls within the intentional tort exception to the FTCA.

### 4. UNDISPUTED FACTS

1. Mr. Fuanya sought asylum in the United States.
2. Mr. Fuanya's asylum case is pending review by the Fifth Circuit Court of Appeals.

3. At least one ICE officer requested that Mr. Fuanya provide his fingerprints on January 14, 2021.

## 5.   COMPUTATION OF DAMAGES

A.   **Plaintiff:**

Plaintiff has suffered in the past, and will likely continue to suffer in the future, general damages including but not limited to pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, physical impairment, permanent disfigurement and impairment of quality of life, the value of which will be determined by This Court and that is estimated to be $128,724

Plaintiff has and will suffer special damages such as medical expenses and lost wages, currently estimated to be at $17,630.

b.   **Defendant:**  Defendant does not ntend to seek damages against Plaintiff in this case, but may seek costs as appropriate.

## 6.   REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

(A)   **Date of Rule 26(f) meeting.**

May 5, 2022.

(B)   **Names of each participant and party he/she represented:**

Jeremy Jong, counsel for Plaintiff.

Lauren M. Dickey, counsel for Defendant.

(C)   **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

May 19, 2022.

**(D)**     **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**(E)**     **Statement concerning any agreements to conduct informal discovery:**

No agreements to conduct informal discovery are in place at this time.

**(F)**     **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to cooperate in exchanging voluminous documents electronically. Documents produced by either party shall be bates labeled. The parties do not anticipate that their claims or defenses are so complex that any formal agreement need be reached in order to reduce discovery or litigation costs. Should the documents or discovery become cumbersome, the parties will discuss how to efficiently reduce discovery and other litigation costs.

The parties further agree that they shall not seek discovery of documents created after the filing of the Plaintiff's administrative claim that are privileged because they are sent solely between counsel for either party, or that are privileged because they are sent solely between a party and that party's counsel. If any discovery request is susceptible to a construction which calls for the production of such documents, those documents need not be produced or identified on any privilege log.

Finally, Defendant intends to seek releases from Plaintiff that will allow Defendant to directly obtain all medical and billing records relevant to the alleged January 2021, incident, ECF No. 1, and to the damages Plaintiff seeks. Plaintiff has agreed to provide these releases.

5

**(G)** **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information maintained in electronic form.

**(H)** **Statement summarizing the Parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt resolution of this case by alternative dispute resolution. The parties do not believe that settlement is possible at this early juncture, before discovery has commenced. The parties will revisit the prospect of settlement as the case progresses.

## 7.  CONSENT

All parties <u>have not</u> consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

**(A)** **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

~~The parties agree that at this time, the presumptive numbers of~~ <u>Each side may take up to</u> 10 depositions<u>, including experts,</u> and <u>each Party may take up to</u> 25 interrogatories<u>, including discrete subparts.</u> ~~are appropriate for this matter.~~

**(B)** **Limitations which any party proposes on the length of depositions.**

<u>One day of</u> 7 hours per Fed. R. Civ. P. 30(d)(1).

**(C)** **Limitations which any party proposes on the number of requests for**

6

      **production and/or requests for admission.**

      ~~None, other than the presumptive limits of~~ <u>Each Party may serve up to</u> 25 requests for production and 25 requests for admission.

**(D)**     **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

      45 days before the discovery cutoff date.

**(E)**     **Other Planning or Discovery Orders**

      None at this time.

### 9.  CASE PLAN AND SCHEDULE

**(A)**     **Deadline for Joinder of Parties and Amendment of Pleadings:**

      June 24, 2022.

**(B)**     **Discovery Cut-off:**

      January 27, 2023.

**(C)**     **Dispositive Motion Deadline:**

      March 13, 2023.

**(D)**     **Expert Witness Disclosure:**

    (1)     The parties shall identify anticipated fields of expert testimony, if any.

        Plaintiff:     Plaintiff anticipates designating experts in the fields of:

          a. Medical Treatment;

          b. Economic Loss;

          c. Any expert necessary to rebut Defendant's expert witnesses.

        Defendant:     Defendant anticipates designating retained experts in the fields of (1) correctional security, policies, and procedures, including policies/procedures

relating to fingerprinting and uses of force; (2) damages experts necessary to rebut Plaintiff's expert disclosures, including as appropriate, a medical expert and/or a vocational expert.

(2) Limitations which the parties propose on the use or number of expert witnesses.

No more than 3 retained expert witnesses per party.

(3) Plaintiff shall designate all affirmative experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 7, 2022. This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

(4) Defendant shall designate all affirmative experts and rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 11, 2022. This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

(5) Plaintiff shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 16, 2022. This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and

<u>information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).</u>

<u>Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.</u>

**(E)  Identification of Persons to Be Deposed:**

Plaintiff's list:

| | | | |
|---|---|---|---|
| (1) | ICE Officer Dustin Cain | | 7 hours |
| (2) | ICE Officer Jeffrey Creekmore | | 7 hours |
| (3) | ICE Officer Ryan Davis | | 7 hours |
| (4) | ICE Officer Juan Martinez | | 7 hours |
| (5) | ICE Officer Jason Miller | | 7 hours |
| (6) | ICE Deputy Field Office Director John Hartnett | | 4 hours |
| (7) | Nurse Kim Boyett | | 4 hours |
| (8) | Defendants' expert(s) | | 6-7 hours |
| (9) | Other fact witnesses | | 3-4 hours |

Defendant's list:

9

| | | | |
|---|---|---|---|
| (1) | Plaintiff Acheleke Fuanya | | 7 hours |
| (2) | Plaintiff's healthcare providers | | 4 hours |
| (3) | Plaintiff's expert(s) | | 6-7 hours |
| (4) | Other fact witnesses | | 3-4 hours |

## 10. DATES FOR FURTHER CONFERENCES

(A)  Status conferences will be held in this case at the following dates and times: _____ .

(B)  A final pretrial conference will be held in this case <u>before the Honorable Robert E. Blackburn and</u> ~~on _____ at o'clock ____ m~~. A Final Pretrial Order shall be prepared by the parties and submitted to the court <u>pursuant to the Civil Practice Standards and Orders of Judge Blackburn.</u> ~~no later than seven (7) days before the final pretrial conference~~. <u>The Parties shall contact the chambers of Judge Blackburn by email within two days of the entry of this Scheduling Order to set a Final Pretrial Conference and trial date in this matter.</u>

## 11. OTHER SCHEDULING MATTERS

(A).  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

(B).  Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate a four (4) day trial to the Court.

(C).  **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne**

**Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 16th day of May, 2022.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*s/ Jeremy Jong*
Jeremy J. Jong
Al Otro Lado
3511 Banks Street
New Orleans, LA 70119
Tel.: 504-475-6728
Email: jeremy@alotrolado.org
*Attorney for Plaintiff Acheleke Fuanya*

*s/ Lauren Dickey*
Lauren M. Dickey
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0188
Lauren.Dickey2@usdoj.gov
*Attorney for Defendant United States*